# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| _____ ) | |
| CHARLES WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-1376 (RWR) |
| ) | |
| HARLEY LAPPIN, Director, ) | |
| Federal Bureau of Prisons, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM OPINION

This is an action to require production of documents sought under the Freedom of

Information Act.  The defendant moves to dismiss, claiming the documents have been provided.

For the reasons discussed below, defendant's motion to dismiss will be granted in part and

plaintiff's cross-motion for summary judgment will be denied.

## I.  BACKGROUND

On April 8, 2008, plaintiff Charles White submitted a request to the Director of the

Federal Bureau of Prisons ("BOP") under the Freedom of Information Act ("FOIA"), *see* 5

U.S.C. § 552, for the following:

> 1.   All medical records, files, notes and any other documents that
>      the [BOP] has in its possession regarding Charles White.
> 2.   All dental records, files, notes and any other documents that
>      the [BOP] has in its possession regarding Charles White.

Compl.,  Ex. 1 (April 8, 2008 Freedom of Information/Privacy Act Request) (exhibit number

1

designated by the Court).  According to plaintiff, the BOP failed to respond within 20 days as is

required under 5 U.S.C. § 552(b)(6)(A)(i), Compl. ¶ 6, and through this civil action, plaintiff

demands release of the requested records and reimbursement of costs incurred in this litigation,

*id.* ¶ 9.

After review of plaintiff's complaint in this action, BOP staff searched "the computerized

database to determine if a [FOIA] request seeking medical and dental records [had been] filed."

Mem. of P. & A. in Support of Def.'s Mot. to Dismiss ("Def.'s Mem."), Tafelski Decl. ¶ 4.  This

search "failed to reveal [that] any FOIA request [had been] accepted and processed by or on

behalf of the Plaintiff."  *Id.*  BOP staff then arranged for the release of plaintiff's dental records,

and plaintiff acknowledged their receipt on August 20, 2008.  *Id.* ¶ 5 & Ex. 2.  BOP staff made

similar arrangements with respect to the release of plaintiff's medical records, and plaintiff

acknowledged receipt of medical records on September 11, 2008.  *Id.* ¶ 6 & Ex. 3.  Missing from

these releases, however, were "x-ray[] results of his throat, chest and head."  Mem. in Support of

Pl.'s Cross-Mot. for Summ. J. at 1.  Defendant's counsel represented that BOP staff "made

arrangements to provide plaintiff [] ten sets of x-rays on November 26, 2008."  Def.'s Opp'n to

Pl.'s Cross-Mot. for Summ. J. at 2 n.1.  According to plaintiff, "no such arrangements have been

made."  Pl.'s Resp. to the Court's Order of April 29, 2009 and Contemporaneously [sic] Request

for Sanctions at 2.[1]

---

[1]        This submission included motions for sanctions and for costs.  *See* Pl.'s Resp. to
the Court's Order of April 29, 2009 and Contemporaneously [sic] Request for Sanctions at 2.-3.
Defendant has not yet filed an opposition to these motions, and the Court will order defendant to
do so.

## II.  DISCUSSION

Defendant moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  *See* Def.'s Mot. to Dismiss at 1.  Specifically, defendant argues that this matter is moot because the BOP already has released in their entirety the records plaintiff requested.  *See* Def.'s Mem. at 4-5.

Under FOIA, federal jurisdiction is dependent upon a showing that an agency has withheld agency records improperly.  *See* 5 U.S.C. § 552(a)(4)(B) (stating that a district court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant"); *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980).  "Once the records are produced[,] the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made."  *Crooker v. United States State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980) (per curiam).

Here, defendant establishes that the BOP has released medical and dental records, except for the throat, chest and head x-rays, and that plaintiff has acknowledged receipt of these records. Absent any showing by plaintiff to the contrary, this matter is moot with respect to the medical and dental records other than the x-rays.  *See, e.g., Isasi v. Office of Attorney General*, 594 F. Supp. 2d 12, 14 (D.D.C. 2009) (dismissing FOIA action as moot where there was no dispute that the requested records had been released without any redactions); *West v. Spellings*, 539 F. Supp. 2d 55, 61 (D.D.C. 2008) (dismissing Count I of the Complaint as moot "because [the agency] released the records requested").  In these respects, the BOP has complied with its obligations

under the FOIA, albeit outside the time limits set forth in 5 U.S.C. § 552(b)(6)(A)(i).[2]

### III.   CONCLUSION

Because the BOP has released medical and dental records, except for the throat, chest and head x-rays, the Court will grant defendant's motion to dismiss in part and deny it in part without prejudice.  Further, the Court will direct the BOP to file a renewed motion with respect to plaintiff's request for x-rays and to file an opposition or other response to plaintiff's motions for sanctions and for costs.

An Order accompanies this Memorandum Opinion.


Signed this 2nd day of July, 2009.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge

---

[2]        Plaintiff's cross-motion for summary judgment is based solely on the BOP's failure to acknowledge receipt of his FOIA requests within 20 working days as is required under 5 U.S.C. § 552(b)(6)(A)(i).  *See* Pl.'s Cross-Mot. for Summ. J. at 3.  "[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform."  *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).  Accordingly, because the BOP establishes that it has complied substantially with the FOIA with respect to plaintiff's requests by releasing in their entirety the requested dental and medical records, except for the x-rays, the Court concludes that plaintiff's motion must be denied.  Resolution of his requests for sanctions and for costs is deferred so that defendant has an opportunity to respond.