# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-1376 (RWR) |
| | ) | |
| HARLEY LAPPIN, Director, | ) | |
| Federal Bureau of Prisons, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552. Plaintiff has moved for an award of costs[1] and defendant has renewed his motion to dismiss. Defendant's renewed motion to dismiss will be granted as conceded. Plaintiff is not eligible for or entitled to an award of costs, and his motion will be denied.

### BACKGROUND

On April 8, 2008, plaintiff submitted a request to the Director of the Federal Bureau of Prisons ("BOP") under the FOIA for the following:

> 1. All medical records, files, notes and any other documents that the [BOP] has in its possession regarding Charles White.
> 2. All dental records, files, notes and any other documents that the [BOP] has in its possession regarding Charles White.

Compl., Ex. 1 (April 8, 2008 Freedom of Information/Privacy Act Request) (exhibit number designated by the Court). Because he had not received a timely response to his FOIA requests, *see* Compl. ¶ 6; Pl.'s Objection to Def.'s Renewed Mot. to Dismiss and Opp'n to Pl.'s Mot. for

---

[1] Plaintiff also moved for sanctions but later withdrew that request.

Sanctions and Costs ("Pl.'s Opp'n") at 1, he filed this civil action in order to obtain the requested records. Because of defendant's untimely response, plaintiff demanded an award of costs to cover the portion of the filing fee he has paid, and typewriter ribbon and copy fees. Mem. in Supp. of Pl.'s Cross-Mot. for Summ. J. [Dkt. #8] at 4; Pl.'s Resp. to the Court's Order of April 29, 2009 and Contemporaneous[] Request for Sanctions [Dkt. #11] ("Pl.'s Resp.") at 2-3; Pl.'s Opp'n at 6.

Defendant has shown, and plaintiff has acknowledged, that the requested medical and dental records, except for throat, chest, and head x-rays, have been released. *White v. Lappin*, No. 08-1376, 2009 WL 1921337, at *2 (D.D.C. July 2, 2009). Pursuant to the Court's July 2, 2009 Order, defendant has filed "a renewed motion with respect to plaintiff's request for x-rays and . . . an opposition . . . to plaintiff's motion[] . . . for costs." *Id.* Plaintiff concedes that he has received the requested records. Pl.'s Opp'n at 1-2. The sole matter for resolution, then, is plaintiff's motion for costs.

## DISCUSSION

The FOIA permits a district court to "assess against the United States . . . other litigation costs reasonably incurred in any case . . . in which the [plaintiff] has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A party substantially prevails if he "has obtained relief through either . . . a judicial order, or an enforceable written agreement or consent decree[,] or . . . a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). The latter provision "essentially codifies the so-called 'catalyst theory' for determining a fee request against the United States, under which a plaintiff is deemed to have 'substantially prevailed' for purposes of § 552(a)(4)(E) if the 'litigation substantially

caused the requested records to be released.'" *N.Y.C. Apparel F.Z.E. v. U.S. Customs and Border Prot. Bureau*, 563 F. Supp. 2d 217, 221 (D.D.C. 2008) (quoting *Chesapeake Bay Found. v. Dep't of Agric.*, 11 F.3d 211, 216 (D.C. Cir. 1993)); *see Zarcon, Inc. v. Nat'l Labor Relations Bd.*, No. 06-3161-CV-S-RED, 2009 WL 4960224, at *2 (W.D. Mo. Mar. 25, 2008). "The catalyst theory assumes that a voluntary or unilateral change in an agency's position is induced by the complainant's lawsuit." *Wildlands CPR v. U.S. Forest Serv.*, 558 F. Supp. 2d 1096, 1098 (D. Mont. 2008).

The decision to award attorneys' fees and costs is left to the Court's discretion. *See Nationwide Bldg. Maint., Inc. v. Sampson*, 559 F.2d 704, 705-06 (D.C. Cir. 1977) (commenting that the § 552(a)(4)(E) "contemplates a reasoned exercise of the courts' discretion taking into account all relevant factors"). In making this decision, the Court considers "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding of the requested documents." *Davy v. Cent. Intelligence Agency*, 550 F.3d 1155, 1159 (D.C. Cir. 2008) (citations omitted). "No one factor is dispositive, although the [C]ourt will not assess fees when the agency has demonstrated that it had a lawful right to withhold disclosure." *Id.*

Plaintiff asserts that he has "obtained the desired relief, the release of his records, due to a voluntary change in position by the [d]efendant: [a]cknowledging his FOIA request, once he filed a complaint in the Court[.]" Pl.'s Opp'n at 3 (internal parentheses omitted). He argues that he has substantially prevailed and therefore is entitled to an award of costs because defendant "forced [him] to move in the Court to force the Defendant's compliance with the [FOIA, and] the Defendant is responsible for all incurred court cost[s]." Pl.'s Resp. at 3.

3

Defendant counters that plaintiff has not substantially prevailed for purposes of the FOIA. Def.'s Renewed Mot. to Dismiss and Opp'n to Pl.'s Mot. for Sanctions and Costs ("Def.'s Mot.") at 14. In defendant's view, because plaintiff obtained the requested records without a court order, enforceable written agreement, or consent decree, he is not eligible for an award of costs. *Id.* Defendant further argues that it did not change its position due to plaintiff's complaint. *Id.* at 15. Rather, defendant states that it did not become aware of plaintiff's FOIA request until plaintiff filed suit. *Id.* "In essence," defendant argues, plaintiff's complaint "has served as a proxy for the administrative complaint that [p]laintiff never filed." Def.'s Mot. at 15. In sum, defendant asserts that plaintiff fails to establish a nexus between the filing of a civil action and release of agency records. *See id.*

Defendant demonstrates that the BOP had no record of "any FOIA request being accepted and processed by or on behalf of the [p]laintiff" at the time the complaint was filed. Mem. of P. & A. in Supp. of Def.'s Mot. To Dismiss, Attach. (Tafelski Decl.) ¶ 4. "If no FOIA request is received, an agency has no reason to search or produce records and similarly has no basis to respond." *Carbe v. Bureau of Alcohol, Tobacco and Firearms*, No. 03-1658, 2004 WL 2051359, at *8 (D.D.C. Aug. 12, 2004); *see Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 26 (D.D.C. 2008) ("An agency's disclosure obligations are not triggered . . . until it has received a proper FOIA request in compliance with its published regulations.") (citing 5 U.S.C. § 552(a)(3) and 552(a)(6)(A)(i)); *West v. Jackson*, 448 F. Supp. 2d 207, 211 (D.D.C. 2006) (concluding that the requester had no viable FOIA claim where the agency had no record of having received a FOIA request), *aff'd*, 2007 WL 1723362 (D.C. Cir. Mar. 6, 2007) (per

curiam).  On the record of this case, plaintiff cannot show that the BOP voluntarily or unilaterally changed its position because of the lawsuit.

Moreover, the *Davy* factors to not weigh in favor of an award of costs.  It is apparent that plaintiff filed this action in order to obtain the release of medical and dental records for plaintiff's personal use only.  Although plaintiff derives no commercial benefit from these records, it does not appear that the public benefits in any way from their release.  The BOP has shown that the reason it had not released the medical records, dental records and x-rays before White sued was reasonable: it had not received plaintiff's FOIA requests.  However, when the BOP became aware of the requests, its staff acted promptly to arrange for the release of plaintiff's medical and dental records at no charge to him.  Def.'s Mot., Ex. 1 (Considine Decl.) ¶¶ 3-5.  Once it became clear that plaintiff demanded release of copies of the x-ray films themselves, BOP staff promptly provided him "the opportunity to view all of the medical x-ray films . . . maintained by [the] BOP."  *Id.*, Considine Decl. ¶ 7.  In addition, BOP staff made arrangements for copying the films and sending them to the physician of plaintiff's choice, upon payment of $5.00 per film copied.  *Id.* ¶¶ 8-9.  Likewise, these considerations do not establish that plaintiff's claim is not insubstantial, a threshold for being eligible for an award of costs that plaintiff fails to meet.  5 U.S.C. § 552(a)(4)(E)(ii); *see Dasta v. Lappin*, 657 F. Supp. 2d 29, 33 (D.D.C. 2009) (denying a requester's demand for costs where his interest in and intended use of the requested records was personal, and where the public derived no benefit from the FOIA request or subsequent litigation).

## CONCLUSION

Defendant's renewed motion to dismiss will be granted as conceded. Because plaintiff does not establish that he is eligible for or entitled to an award of costs, his request will be denied. An Order accompanies this Memorandum Opinion.

Signed this 29th day of July, 2010.

                                                          /s/
                                     RICHARD W. ROBERTS
                                     United States District Judge